## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JAMES GOSTON, N73283, | ) |
| Petitioner, | ) |
| | ) No. 14-cv-959 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| BRADLEY ROBERT, Warden, Centralia Correctional Center,[1] | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner, James Goston, an inmate in the Illinois Department of Corrections, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition as untimely [21]. For the reasons stated herein, the motion is granted and the petition is dismissed.

**Background**

Petitioner Goston was convicted of burglary following a jury trial in 2008. He is currently serving a twenty-five year prison term. Goston appealed to the Illinois Appellate Court, which affirmed the conviction on March 11, 2010, but remanded to determine whether Goston was entitled to more pre-trial custody credit. *Illinois v. Goston*, No. 2-08-0526 (Ill. App. Ct. Mar. 11, 2010) (direct appeal ruling) (Rule 23 order) (Dkt. 21-1 at 18). The trial court complied with the mandate on remand on May 3, 2010. The record indicates that Goston may have tried to file a petition for rehearing, but such a petition was never successfully filed in the appellate court. Goston did not file a petition for leave to appeal to the Illinois Supreme Court.

---

[1] Petitioner's present custodian, Jackie Lashbrook, Warden, Pinckneyville Correctional Center, is substituted as Respondent. Fed. R. Civ. P 25(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

1

Goston filed his first post-conviction petition pursuant to 725 ILCS 5/122.1 on January 18, 2011, which he supplemented in February 2011. The trial court dismissed the petition on March 4, 2011. Also on March 4, 2011, Goston filed an amended post-conviction petition, which the trial court dismissed on March 11, 2011. Goston's second amended post-conviction petition was dismissed on March 15, 2011. Goston appealed the dismissals of his post-conviction petitions. The Illinois Appellate Court affirmed the rulings on September 28, 2012. Thereafter, on January 14, 2014, Goston filed a motion for leave to file a late petition for leave to appeal in the Illinois Supreme Court. The Illinois Supreme Court denied the motion on March 27, 2014.

In January 2013, Goston filed a motion for leave to file a habeas corpus petition in the Illinois Supreme Court, which was denied on March 28, 2013. Goston's motion for reconsideration of that ruling was denied on November 22, 2013. On January 28, 2014, Goston filed a federal habeas corpus petition, asserting six claims: (1) trial judge bias; (2) tampering with DNA and other evidence; (3) perjury by a detective in testimony before the grand jury; (4) illegal search and arrest by police; (5) ineffective trial counsel; and (6) ineffective appellate counsel. (Dkt. 1). Goston's habeas petition was temporarily stayed in this court from March 17, 2014, to October 29, 2014. Respondent now moves to dismiss the petition as untimely.

**Legal Standard**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking federal habeas corpus relief to file his petition within one year after his state conviction becomes "final." 28 U.S.C. § 2244(d)(1)(A). While a petition may be time-barred, the one-year limitation is not a jurisdictional rule. *Holland v. Florida,* 560 U.S. 631, 645 (2010). Actual innocence, if proved, serves as "a gateway" to avoid the dismissal of a habeas petition as untimely. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in

light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)).

**Discussion**

Respondent moves to dismiss Goston's habeas petition as untimely because it was filed more than one year from the date on which his conviction became final and there is no reason to toll the statute of limitations and no tenable actual innocence claim. At the outset, the Court notes that Goston appears to concede that his habeas petition is untimely. Nevertheless, the Court will review the petition for timeliness.

*1. Statute of Limitations*

Goston must have filed the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). On direct review, Goston did not file a petition for leave to appeal in the Illinois Supreme Court within 35 days of Appellate Court's decision. *See* Ill. Sup. Ct. R. 315(b). Goston's conviction therefore became final 35 days after the Illinois Appellate Court affirmed his conviction, *i.e.* April 15, 2010. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

Because Goston properly filed his first post-conviction petition on January 18, 2011, the one-year limitation for filing his habeas petition was tolled while the post-conviction petition and related appeal were pending in the Illinois courts. 28 U.S.C. § 2244(d)(2); *Pace v. Digulielmo*, 544 U.S. 408, 410 (2005). This Court does not count the days during which Goston's post-conviction petition against the one-year limitation. *See Ray v. Clements*, 700 F.3d 993, 1007 (7th Cir. 2012). However, the 277 days between his conviction becoming final and the date he filed his post-conviction petition do count against the one-year limitation. Review of his post-conviction petition concluded thirty-five days (the time allotted for filing a PLA) after the Illinois Appellate Court affirming dismissal of his

post-conviction petitions on September 28, 2012. Accordingly, Goston's time for filing his federal habeas corpus petition expired on January 29, 2013. Goston did not file his habeas petition until January 28, 2014. This Court therefore finds Goston's section 2254 petition for habeas corpus relief is untimely.

While the court can equitably toll the statute of limitations under the AEDPA in appropriate exceptional circumstances, *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999), Goston does not argue that he is entitled to equitable tolling or assert any extraordinary circumstances beyond his control that would sway this Court to consider his petition on those grounds.

*2. Actual Innocence*

As noted above, Goston concedes that his habeas petition is untimely by failing to refute respondent's argument, but seeks to avoid the statute of limitations by asserting actual innocence. In support of his actual innocence claim, Goston presents two sources of evidence: a portion of the transcript from his sentencing hearing, and the innocence claim he made during his post-conviction proceedings regarding the DNA evidence.

"The actual innocence standard is a demanding one that 'permits review only in the extraordinary case.'" *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014) (quoting *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006). New evidence supporting an actual innocence claim may include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* (citing *House*, 547 U.S. at 537). The habeas court then must consider all the evidence and "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Id.*

Here, Goston's purported new evidence is not of the kind that supports the extraordinary relief of an actual innocence gateway plea to habeas review. First, the testimony he attaches is not exculpatory but shows that throughout his trial proceedings, including sentencing, Goston denied

4

ever confessing to the burglary. He also continued to deny his involvement in the particular burglary at issue. Goston does not, and cannot, show that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt had the juror heard this testimony. Further, two police officer witnesses testified to Goston's confessions to participating in the burglary at issue here as well as others. Such evidence is the type so reliant on credibility that this Court cannot find that no reasonable juror would find Goston guilty had they heard his testimony denying involvement. Additionally, the lengthy delay from 2008 when Goston testified at his sentencing hearing to his 2014 habeas proceedings when he began arguing that his statements indicate actual innocence, undermine the credibility of such evidence. While a petitioner may bring claims of actual innocence at any time, a substantial delay in presenting the requisite new evidence has been said to substantially harm the credibility of the claim. *McQuiggin,* 133 S.Ct. at 1936.

Second, Goston asserts that there were deficiencies in the state's DNA evidence. A droplet was recovered from the crime scene and tested. The state's experts however matched the DNA evidence from the scene with a buccal swab taken from Goston in 2006 after his arrest. That the DNA sample from the scene was not tested against a sample that Goston gave to the Illinois State Police in 2003 does not alter the fact that it matched the 2006 sample. The Court is at a loss to divine how this fact proves Goston's innocence. Accordingly, this Court finds that actual innocence is not a viable gateway to avoid the statute of limitations in this case.

*3. Certificate of Appealability*

Respondent also moves this Court to deny petitioner Goston a certificate of appealability ("COA"). The Court may issue a COA if the petitioner made a substantial showing that he has been denied a constitutional right or may be denied if there is no constitutional right and the habeas petition is meritless. 28 U.S.C. § 2254(c)(2); *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003). Petitioner must show "something more than the absence of frivolity" on his part. *Miller-El,* 537 U.S. at 338.

5

Where, as here, the Court denies the habeas petition on procedural grounds without reaching the merits, the petitioner must show that reasonable jurists would find debatable both the constitutional claims and the court's procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Goston has not made the requisite showing to warrant a certificate of appealability.

**Conclusion**

Based on the foregoing, this Court grants respondent's motion to dismiss [21] and denies the habeas petition on that basis.

IT IS SO ORDRED.

Date: July 20, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge